UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Van Dyke Crossings, LLCCase No. 8:10-bk-_____-____
Chapter 11
Debtor.
_____/

## CHAPTER 11 CASE MANAGEMENT SUMMARY

VAN DYKE CROSSINGS, LLC (the "**Debtor**"), by and through its undersigned counsel, files its Case Management Summary pursuant to the Administrative Order Establishing Initial Procedures in Chapter 11 Cases, TPA-2005-2, and states as follows:

1. **Description of Debtor's Business:**

The Debtor was formed to build, own and lease a retail shopping center at 6050 – 6074 Van Dyke Road, Lutz, Florida. It is commonly referred to as "Van Dyke Crossings." The shopping center the Debtor owns is approximately 14,777 square feet, more or less, with seven tenants. The tenants comprise of a dry cleaner, salon, barbershop, tattoo parlor, bakery, veterinary clinic, consignment boutique and nail salon.

The operations and maintenance of Van Dyke Crossings, LLC are managed by Tierra Holdings Management, LLC, a property management company. Van Dyke Crossings, LLC has an annual contract with Tierra Holdings Management, LLC to collect and process rent payments, conduct lease negotiations, execute and monitor daily operations and maintenance of the shopping center and operate as the liaison between owner and tenants.

2. **Location of Debtor's Operations and Whether Lease or Owned:**

6050-6074 Van Dyke RoadOwn
Lutz, FL 33558Folio No. 014721-6000

3. **Reasons for Filing Chapter 11:**

Although the Debtor's business is profitable, with the recent recession and strict banking regulations and moratorium on lending to retail centers, the Debtor has been unable to refinance its currently outstanding secured indebtedness to Branch Banking and Trust Company f/k/a Colonial Bank ("**BB&T**"). The Debtor's debt to BB&T matured on March 8, 2010, but the Debtor did not have sufficient funds to repay the debt.

On September 27, 2010, BB&T filed a mortgage foreclosure action against the Debtor. The verified complaint states that the Debtor has not paid loan installments since June 25, 2010. Notwithstanding the representations within the verified complaint, the Debtor has made regular monthly installments on its obligations to BB&T for July, August and September, 2010. Further, BB&T has not explained why it alleges in a verified complaint that it has not received payments when it actually was instrumental in withdrawing funds from the Debtor's account in July, August and September via an "ACH" debit arrangement which has been in place for over a year.

The verified complaint also includes a count for foreclosure upon the Debtor's property based upon an alleged default in payment for another property previously owned by the Debtor's principal, which property was sold over two years ago. BB&T acknowledged the sale of the other property by providing a Satisfaction of Mortgage dated August 27, 2007 and recorded in the Public Records of Hillsborough County, Florida on September 4, 2007 at O.R. Book 18079 Page 550.

4. **List of Officers and Directors, if applicable, and their Salaries and Benefits at the time of Filing and During the One (1) Year Prior to Filing:**

   The Debtor's single member is GRAT Management, LLC – No compensation.

   The Manager of the Debtor is Ronald E. Scaglione – No compensation.

5. **Debtor's Annual Gross Revenues:**

   2010 (thru 10/4) - $170,981 (Rents)
   2010 (thru 10/4) - $ 47,667 (Pass-Through Expenses)
   2009 - $316,123
   2008 - $332,379

6. **Amounts Owed to Various Classes of Creditors:**

   a. Priority Creditors:

      Florida Department of Revenue - unknown

   b. Secured Creditors:

      BB&T

         First Mortgage

            Principal Balance - $1,337,068 (approximate)

         Second Mortgage

            Principal Balance - $498,278 (approximate)

      Doug Belden, Tax Collector

         2010 Property Tax - $33,000 (estimated)

   c. Unsecured Claims

      Approximately $560,000 (Amount includes creditors listed as disputed, contingent, unliquidated)**

      **Includes Insider claims

7. **General Description and Approximate Value of the Debtor's Current and Fixed Assets:**

    Cash - $33,500

    Real Estate - $2,800,000

8. **Number of Employees and Amounts of Wages Owed as of Petition Date:**

    No employees

9. **Status of Debtor's Payroll and Sales Tax Obligations, if applicable**

    All sales tax has been paid when due

10. **Anticipated Emergency Relief to be Requested within 14 Days from the Petition Date:**

    Use of cash collateral

Dated this 19th day of November, 2010.

>DONICA LAW FIRM, P.A.
>Counsel for Debtor
>106 S. Tampania Ave., Suite 250
>Tampa, FL 33609
>Telephone: (813) 878-9790
>Facsimile: (813) 878-9746
>E-mail: herb@donicalaw.com
>
>/s/ Herbert R. Donica
>Herbert R. Donica, Esq.
>Florida Bar No. 841870

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Case Management Summary has been furnished by the Court's CM/ECF system this 19th day of November, 2010 to: **Office of the United States Trustee**, 501 E. Polk St., Suite 1200, Tampa, FL 33602.

>/s/ Herbert R. Donica
>Herbert R. Donica, Esq.